**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 13 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ENVIRONMENTAL WORLD WATCH, INC., <br><br>      Plaintiff, <br><br>  and <br><br> DENNIS BECVAR, <br><br>      Plaintiff - Appellant, <br><br>   v. <br><br> THE WALT DISNEY COMPANY; et al., <br><br>      Defendants - Appellees. | No. 13-56534 <br><br> D.C. No. 2:09-cv-04045-DMG-PLA <br><br> MEMORANDUM* |

---

     *     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

| | |
|---|---|
| ENVIRONMENTAL WORLD WATCH, INC., | No. 13-56565 |
| Plaintiff, | D.C. No. 2:09-cv-04045-DMG-PLA |
| and | |
| WILLIAM P. DUNLAP, | |
| Movant - Appellant, | |
| v. | |
| THE WALT DISNEY COMPANY; et al., | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Submitted November 5, 2015[**]
Pasadena, California

Before: FARRIS and FRIEDLAND, Circuit Judges, and CHHABRIA,[***] District Judge.

These appeals arise from litigation filed in 2009 by Environmental World Watch ("EWW") and individuals against The Walt Disney Company, Disney

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Vince G. Chhabria, District Judge for the U.S. District Court for the Northern District of California, sitting by designation.

Enterprises, Inc., and Disney Worldwide Services, Inc. (collectively, "Disney") alleging violations of the Clean Water Act. During the course of that litigation, Disney filed a motion for sanctions against nonparties William Dunlap and Dennis Becvar, who, at various times, were officers of EWW.

In support of its motion for sanctions, Disney alleged that Dunlap had falsified documents and concealed this misconduct during discovery, and that Becvar had destroyed potentially discoverable emails while an officer of EWW. Disney further argued Dunlap and Becvar were alter egos of EWW, and, as such, were jointly and severally liable for any sanctions imposed against EWW.

The district court referred the sanctions motion to a magistrate judge, who issued a report and recommendation ("R & R") recommending that the district court impose a $10,000 sanction against Becvar and a $20,000 sanction against Dunlap. The district court issued an order adopting the R & R with minor revisions, and granted partial summary judgment for Disney, holding that Dunlap and Becvar were alter egos of EWW, and vice versa.

Dunlap and Becvar timely filed these appeals of the district judge's order, but the underlying litigation continued. Dunlap challenges both the district court's alter ego determination and its imposition of monetary sanctions on him. Becvar challenges only the district court's imposition of monetary sanctions on him.

The district court later dismissed EWW's claims for lack of Article III

standing. The district court subsequently entered a final order dismissing the remaining plaintiffs' claims pursuant to a settlement with Disney.[1]

## I. Alter Ego.

We are guided by three factors when deciding whether an individual is an alter ego of an entity: "the amount of respect given to the separate identity of the corporation by its shareholders, the degree of injustice visited on the litigants by recognition of the corporate entity, and the fraudulent intent of the incorporators." *Bd. of Trs. v. Valley Cabinet & Mfg. Co.*, 877 F.2d 769, 772 (9th Cir. 1989) (quoting *Seymour v. Hull & Moreland Eng'g*, 605 F.2d 1105, 1111 (9th Cir. 1979)). In addition to the formation of a corporation with fraudulent intent, "post incorporation misuse of the corporate form . . . can satisfy the fraudulent intent element." *Id.* at 774. A party seeking to pierce the corporate veil "must prevail on

---

[1] We have jurisdiction over these appeals despite the fact that they were filed before entry of a final judgment, and despite the district court's later dismissal for lack of standing. Because the order appealed here was a sanctions order against non-parties (or, as to the alter ego ruling, directly related to that order), it was a collateral order that Dunlap and Becvar were entitled to immediately appeal without waiting for a final judgment. *Riverhead Sav. Bank v. Nat'l Mortg. Equity Corp.*, 893 F.2d 1109, 1113 (9th Cir. 1990). Because the district court's order was issued for the purpose of "maint[aining] orderly procedure," and "[did] not signify [the] district court's assessment of the legal merits of the complaint," the order was unaffected by the district court's subsequent dismissal of EWW's claims for lack of standing. *Willy v. Coastal Corp.*, 503 U.S. 131, 137, 138 (1992) (quoting *Cooter & Gell v. Hartmarz Corp.*, 496 U.S. 384, 396 (1990)); *see also In re Exxon Valdez*, 102 F.3d 429, 431 (9th Cir. 1996).

4

the first threshold factor and on one of the other two." *UA Local 343 v. Nor–Cal Plumbing, Inc.*, 48 F.3d 1465, 1475 (9th Cir. 1995).

In its order granting partial summary judgment for Disney, the district court found that there was little, if any, evidence that EWW had maintained corporate formalities, and further found that Dunlap and Becvar had misrepresented their status with respect to EWW to avoid discovery responsibilities. These findings are well-supported by the record.

Dunlap's briefing fails to identify any evidence in the record tending to contradict the district court's findings, and instead provides argument relevant only to the entirely separate issue of whether EWW had Article III standing to maintain its claims. We therefore affirm the district court's grant of partial summary judgment for Disney.

## II.    Sanctions Issues.

A district court may sanction a party who has despoiled evidence under: (1) the power granted by Federal Rule of Civil Procedure 37(b)(2) to sanction "a party or a party's officer, director, or managing agent" who "fails to obey an order to provide or permit discovery"; or (2) the inherent power of federal courts to levy sanctions in response to abusive litigation practices. *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir. 2006). "Before awarding sanctions pursuant to its inherent power, 'the court must make an express finding that the sanctioned party's

behavior constituted or was tantamount to bad faith.'" *Haeger v. Goodyear Tire & Rubber Co.*, 793 F.3d 1122, 1132 (9th Cir. 2015) (quoting *Leon*, 464 F.3d at 961) (some internal quotation marks omitted).

Here, the magistrate judge's R & R—which was adopted by the district court—discussed both sources of sanctioning authority, and it explicitly recommended sanctioning Dunlap pursuant to the district court's inherent powers, after making the necessary finding of bad faith. Dunlap has not shown that the district court abused its discretion in imposing this sanction, or that any of the factual findings in support of the sanction were clearly erroneous. We thus affirm the district court's order imposing sanctions upon Dunlap.

Neither the district court nor the magistrate judge expressly found that Becvar's conduct had violated an existing court order, and it appears from the record that Becvar's deletion of emails may have preceded any such order. Therefore, we cannot affirm Becvar's sanction as a valid exercise of the district court's authority under Rule 37(b)(2). We also cannot affirm Becvar's sanction as a valid exercise of the district court's inherent powers, because the magistrate judge and the district court made no explicit finding that Becvar's actions constituted or were tantamount to bad faith. We therefore vacate the sanction on Becvar and remand to the district court, which may re-impose its sanction upon Becvar if it finds that Becvar's conduct either violated a court order or reflected

bad faith.

### III.   Conclusion.

For the reasons discussed above, we (1) **AFFIRM** the district court's grant of partial summary judgment determining Becvar and Dunlap to be EWW's alter egos; (2) **AFFIRM** the district court's order sanctioning Dunlap; and (3) **VACATE** the district court's order sanctioning Becvar, and **REMAND** with instructions to the district court to make factual findings, before re-imposing any sanction, as to whether Becvar's conduct violated a court order or amounted to bad faith.[2]

Dunlap shall bear his own costs and half of Disney's costs.  Disney shall bear the other half of its own costs, as well as Becvar's costs.

---

[2] Because our disposition does not rely on any materials that Disney has moved to strike, we **DENY** Disney's motion to strike as moot.